BOARDMAN v. THE CHICAGO & N. W. R. R. Co.

New trial: IMPROPER ACTION OF ATTORNEY. The action of the court below, in granting a new trial on the ground of the misconduct or improper action of the attorney of the opposite party in presenting his case to the jury, will not be disturbed unless an abuse of the discretion confided to the trial court in such matters is clearly shown.

*Appeal from Marshall District Court.*

THURSDAY, OCTOBER 5.

ACTION to recover the penalty provided by section 2, chapter 169 of the acts of the ninth General Assembly, for willful neglect of defendant to post the rates of freight fixed under the requirements, and also for over charges of freight in violation of the same statute. There was a verdict for defendant, which, on motion of plaintiff, was set aside and a new trial ordered.

Defendant appeals.

*Henderson Brothers & Merriman* for the appellant.

*Boardman, Brown & Williams* for the appellee.

BECK, J. — The motion of plaintiff to set aside the verdict, among other grounds, was based upon the alleged

misconduct of one of defendant's attorneys, in separating from the files of the case a certain bill of lading attached to the pleading as an exhibit, and handing it to the jury, at the same time calling their attention to certain pencil marks thereon, which had not been identified or explained by evidence. This paper and the marks thereon, it is claimed, were brought to the attention of the jury with the design of influencing their determination of the case, and was done without the full knowledge and consent of plaintiff and the court. Affidavits of jurors were submitted upon the motion, tending to show that the verdict was in some degree influenced by the contents of the paper and the marks. Without determining whether these affidavits were properly received in support of the motion, or entering into an investigation of the question whether the act of the attorney was prejudicial to the interest of plaintiff, we reach the conclusion that the record discloses no sufficient grounds upon which we can disturb the order of the district court setting aside the verdict.

We do not hesitate to say, that the act of the counsel, as it appears to us, was improper, though it is quite true it did not partake of the character of a flagrant breach of the duty of an attorney, or of a sinister attempt to influence the minds of the jury. As the transaction appears on the record, it *may* have been innocently done, without any improper design; yet the record fails to establish the fact that it was excusable, and without any improper purpose or effect. In other words, the transaction, as it is presented to us, may have been either improper, such a breach of the duty of an attorney, and followed by such effects as to vitiate the verdict; or of such character, so innocently and openly done, with such knowledge of the plaintiff and court, and without such prejudice, that it was no cause for disturbing the verdict. Such being the character of the act, we must look to a source other than the act itself whence to draw conclusions as to its effects, and

the consequence attending it. That source is the judgment of the district court, which holds that it is of such a character as to defeat the verdict. The act was done in the presence of that court; its effect upon the verdict and the motives of counsel were all better known and understood by the judge who passed upon the motion than they can be by us. He regarded them of such a character as to vitiate the verdict. We are required to exercise presumptions in favor of the correctness of the rulings of the court below in this as in all other instances where facts are adjudicated. Under this rule, we cannot refuse to support the ruling complained of. The district judge is clothed with large discretion, and, necessarily so, in directing the business of the court and in administering the rules of practice. Some of these rules may properly, on some occasions, be applied in a way and spirit to promote and preserve becoming deportment and a correct manner of conducting the business of the court by attorneys and clients; they may be applied sometimes with a disciplinary purpose on the part of the judge. It may sometimes occur that verdicts are obtained by means that cannot properly be permitted without danger of establishing a practice that, in the end, may tend to defeat the attainment of justice, though such means are not directly forbidden by the rules of the law. In such cases the court may well interfere, and, by setting aside verdicts so obtained, check such dangerous tendencies, and secure greater certainty in the administration of the law. To control the discretion of a judge when exercised in such cases is a delicate duty, and will not be attempted by this court except when it clearly appears to have been abused

It has frequently been held by this court that a stronger case is required to justify interference with an order of the court below, granting a new trial, than an order refusing it. Under this rule, while we would not have interfered with the order of the court had the motion been overruled,

we are clearly of the opinion that the record does not disclose a state of facts which authorizes us to reverse the order allowing a new trial.

The judgment of the district court is

Affirmed.